# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| GRACO INC. and<br>GRACO MINNESOTA INC.,<br><br>　　　　　　　　　　　*Plaintiffs*,<br><br>v.<br><br><br>MMJ PUMPS, LLC D/B/A TXAM PUMPS and<br>YANTAI CISO LUBRICATION TECHNOLOGY<br>CO., LTD.,<br><br>　　　　　　　　　　　*Defendants*. | Case No. 4:25-cv-5969<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Graco Inc. and Graco Minnesota Inc. (collectively "Graco" or "Plaintiffs"), by and through their undersigned counsel, file this Complaint for patent infringement and false marking against Defendants MMJ Pumps, LLC d/b/a TXAM Pumps ("TXAM") and Yantai Ciso Lubrication Technology Co., Ltd. ("Ciso," collectively with TXAM, "Defendants"), and allege as follows:

## INTRODUCTION

1.     Founded in 1926 by two brothers, Russell and Leil Gray, Graco has a long history of designing and manufacturing fluid handling equipment.  Within a decade of its founding, Graco established itself as an industry leader in lubrication management equipment, with sales across the country.

2.     Graco manufactures and markets premium equipment to move, measure, control and spray a wide variety of fluid and powder materials across many industries including automotive manufacturing, chemical manufacturing, food, beverage, personal care and

pharmaceutical manufacturing, pulp and paper manufacturing, electronics, energy, oil and natural gas, and packaging.

3.      One of the line of products that Graco manufactures is durable and reliable automatic grease and oil pumps for use in oil and gas production.  One example is Graco's Gx line of pumps ("Gx Pumps"), several examples of which—Graco's G3 Series Pump ("G3 Pump") and G5 Series Pump ("G5 Pump") —are shown below:



4.      Gx Pumps are used with heavy machinery to deliver controlled amounts of grease or oil to various components in the machinery at pre-set intervals so a person does not have to manually lubricate the machine parts during operation.  Their flexible design works with injector-based and series progressive systems to handle changing temperatures and challenging grease types.

5.      Graco sells Gx Pumps in the United States and within this District to customers in the oil and gas industry through its network of authorized distributors.

6.    Graco has been awarded U.S. patents for its innovations across numerous markets and technologies, including automatic grease and oil pumps.

7.    Gx Pumps are a flagship product line for Graco's industrial division.

8.    Graco and its authorized distributors participate in industry trade shows and other events to display its products, including Gx Pumps.  Customers have come to recognize and affiliate the Graco blue color of its Gx Pumps as a sign of high quality, reliability, and innovation.

9.    Around March 2025, a Graco distributor in Texas saw a pump being offered for sale by TXAM—currently understood to be Ciso's GT PLUS Progressive Auto Lubrication Pump ("Accused Pump")—that looked very much like Graco's Gx Pumps (but was not made by Graco). Graco was informed of this and began an investigation.

10.    The Accused Pump was blue in color and marked with a TXAM label that includes a patent marking for U.S. Patent No. 8,182,247 ("the '247 TXAM Patent") as shown below.

     

11.     The Accused Pump was displayed again by TXAM at the Southwestern Petroleum Short Course in Lubbock, Texas in April 2025 and at the Permian Basin International Oil Show in Odessa, Texas in October 2025.

12.     On information and belief, TXAM sold the Accused Pump for use in at least Odessa, Texas.

## NATURE OF THE ACTION

13.     This is a civil action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including specifically (i) 35 U.S.C. § 271 based on TXAM and Ciso's infringement of U.S. Patent No. 9,611,840 and U.S. Patent No. 10,167,862, and (ii) 35 U.S.C. § 292 based on TXAM's false marking of the Accused Pump.

## THE PARTIES

14.     Plaintiff Graco Inc. is a corporation organized and existing under the laws of Minnesota, with its principal place of business at 88 11th Ave N.E., Minneapolis, Minnesota 55413.

15.     Plaintiff Graco Minnesota Inc. is a corporation organized under the laws of the State of Minnesota with a place of business at 88 11th Ave N.E., Minneapolis, Minnesota 55413. Graco Minnesota Inc. is a wholly owned subsidiary of Graco Inc.

16.     Defendant MMJ Pumps, LLC d/b/a TXAM Pumps is a Texas corporation with its principal place of business at 5623 Tuskegee Street, Houston, Texas 77091.

17.     Defendant Yantai Ciso Lubrication Technology Co., Ltd. is a corporation organized under the laws of China, with its principal place of business at No. 41 Bosina Road, High-Tech Zone, Yantai City, Shandong Province, China.

4

## JURISDICTION AND VENUE

18.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19.     The Court has personal jurisdiction over TXAM at least because TXAM is based in Houston, Texas and has continuous business contacts in the State of Texas and in this District. TXAM has engaged in business activities including transacting business in this District and purposefully directing its business activities in this District, including the marketing, sale, and false marking of the infringing Accused Pump.

20.     This Court has personal jurisdiction over Ciso because Ciso has established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  Ciso has purposefully directed activities at the United States, in particular, by offering the Accused Pump for sale on e-commerce stores that target United States customers, offering shipping to the United States, including this District, pricing and accepting payment in U.S. dollars, and, on information and belief, has sold or imported the infringing Accused Pump to TXAM and TXAM is reselling and/or distributing it in this District.

21.     The Accused Pump is available for purchase on Alibaba.com in U.S. dollars.[1]

22.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  Ciso is a foreign corporation.  Venue is proper as to a foreign defendant in any district. 28 U.S.C.

---

[1]     *See, e.g.*,    https://www.alibaba.com/product-detail/CISO-GT-PLUS-Electric-Grease-Pump_1601166833785.html?spm=a2700.galleryofferlist.normal_offer.d_title.e2e913a0fiqCJ9&priceId=b410b78b82d34a98b388b591bf6ec3b8 (last visited Dec. 11, 2025) (PDF attached hereto as Exhibit A).

§ 1391(c)(3). Venue is proper as to TXAM because it is incorporated in and resides in this District.

28 U.S.C. § 1400(b).

## THE PATENTS IN SUIT

23.    Graco Minnesota Inc. is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,611,840 (the "'840 Patent"), entitled "Offset cam for piston pump." The USPTO duly and legally issued the '840 Patent on April 4, 2017. A true and correct copy of the '840 Patent is attached as Exhibit B.

24.    Graco Minnesota Inc. is the owner by assignment of all right, title, and interest in and to United States Patent No. 10,167,862 (the "'862 Patent"), entitled "Removable shim clip for adjustable piston pump." The USPTO duly and legally issued the '862 Patent on January 1, 2019. A true and correct copy of the '862 Patent is attached as Exhibit C.

## FACTUAL BACKGROUND

25.    Ciso holds itself out to be a "leading high-tech enterprise that specializes in the research, development, production, and sales of centralized lubrication systems and hydraulic equipment"[2] based in Yantai City, Shandong Province, China.

26.    Ciso makes the Accused Pumps described in Ciso's Progressive Lubrication System 2024 V1.2 Catalogue[3] and shown below:[4]

---

[2] https://www.cisolube.com/about/ (last visited Dec. 11, 2025) (PDF attached hereto as Exhibit D).

[3] *See* Exhibit E.

[4] https://www.cisolube.com/products/gt-plus-progressive-auto-lubrication-pump.html (last visited Dec. 11, 2025) (PDF attached hereto as Exhibit F).



27.     The Accused Pumps are available for purchase on the website Alibaba.com and can be purchased in U.S. dollars and shipped to the United States, as shown below:[5]



28.     TXAM is a Houston-based company that "designs, manufactures and sells

chemical injection pumps for a wide range of applications in the Oil and Gas industry."[6]

29.    On information and belief, TXAM obtains the Accused Pumps from Ciso and then uses, imports, sells, and/or offers them for sale in the United States including in this District.

30.    The photograph below shows, from the left, an authentic Graco G3 Pump, an authentic Graco G5 Pump, an Accused Pump, and an Accused Pump that has been marked with a TXAM label and offered for sale by TXAM:



31.    In 2025 TXAM provided a Graco distributor with an Accused Pump to compare to the Gx Pumps.

32.    TXAM represented to a Graco distributor that TXAM knew where Graco's Gx Pumps were manufactured, had access to the manufacturer, and could obtain the same kind of pump for less money.

33.    TXAM has been offering the Accused Pumps for sale in the United States at least since at least March 2025.

34.    TXAM displayed the Accused Pump at the Southwestern Petroleum Short Course in Lubbock, Texas in April 2025.

35.    TXAM displayed the Accused Pump at the Permian Basin International Oil Show

---

[6] https://txampumps.com/ (last visited Dec. 11, 2025) (PDF attached hereto as Exhibit G).

("PBIOS") in Odessa, Texas in October 2025.  The PBIOS "is the premier gathering for the oil

and gas industry, showcasing cutting-edge technologies, innovations, and solutions that drive

progress in the energy sector."[7]  TXAM was an exhibitor at the 2025 PBIOS[8] and displayed an

Accused Pump at its booth as shown in the red boxes in the photographs below:






36.     On information and belief, TXAM has sold or offered for sale the Accused Pumps for use in Odessa, Texas.

37.     TXAM competes with Graco in the oil and gas industry.

38.     TXAM represents itself as "an innovator in designing and manufacturing DC, AC, and pneumatic chemical pumps since 1986"[9] that "provide[s] a full line of pumps, pump systems, injection accessories and fittings as well as installation and repair services."[10]

39.     TXAM represents that it will: (i) "develop new products and ideas that have the potential to change the industry," (ii) "continue to update our product line to incorporate the latest available technology and develop new technology when possible," and (iii) "strive for excellence in research and product development."[11]

40.     TXAM is the assignee of the '247 TXAM Patent, entitled "Pump with stabilization

---

[9] Exhibit G.

[10] https://txampumps.com/company (last visited Dec. 11, 2025) (PDF attached hereto as Exhibit K).

[11] *Id.*

component." A true and correct copy of the '247 TXAM Patent is attached hereto as Exhibit J. The '247 TXAM Patent has two independent claims, 1 and 14, and is directed to a pump that includes a turning member and a reciprocating member coupled to the turning member, the reciprocating member performing a pumping motion as the turning member turns and also includes at least one stabilization component in contact with the reciprocating member to stabilize the pumping motion, the stabilization component comprising a bearing rotating in a ***perpendicular*** orientation with respect to the axis of rotation of the turning member.

    41.    TXAM is marking the Accused Pumps with the '247 TXAM Patent as shown below:

 



42.    As shown in the photograph (annotated) of the Accused Pump below, the support

bearings rotate ***parallel*** with respect to the axis of rotation of the turning member:



43.    Graco's '840 and '862 patents cover valuable inventions that are incorporated into

Graco's products including the G3 and G5 Pumps.  As a result, at least Graco's G3 and G5 Pumps

practice the inventions of the '840 and '862 patents.

## <u>COUNT I:</u>
## <u>INFRINGEMENT OF U.S. PATENT NO. 9,611,840 BY ALL DEFENDANTS</u>

44.     Plaintiffs repeat and reallege paragraphs 1 through 43 as if fully set forth herein.

45.     Each and every claim of the '840 Patent is valid and enforceable.

46.     The '840 Patent generally describes a pump assembly with a cam and a piston.  The cam rotates in a plane about an eccentric axis, and has a circumferential side wall  The piston engages the circumferential side wall of the cam, and runs along a piston axis which lies in the plane of the cam.

47.     Defendants directly infringe the '840 Patent by making, using, importing, selling, and/or offering for sale the Accused Pump.

48.     As set forth in the attached non-limiting claim chart (Exhibit L), Defendants have directly infringed at least Claim 1 of the '840 Patent by making, using, importing, selling, and/or offering for sale the Accused Pump.

49.     Defendants also engaged in egregious behavior by copying Graco's Gx Pumps to design, manufacture and sell the Accused Pump, and therefore copied the inventions therein covered by the '840 Patent.  At least by way of this Complaint, Defendants are aware of the '840 Patent, and know that they are infringing the '840 Patent. Defendants' infringement of the '840 Patent is therefore willful.

50.     Graco has been damaged as a result of the infringing conduct alleged above. Defendants are liable to Graco in an amount that compensates Graco for Defendants' infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51.     Graco has complied with 35 U.S.C. § 287 with respect to the '840 Patent.

<u>**COUNT II:**</u>
**INFRINGEMENT OF U.S. PATENT NO. 10,167,862 BY ALL DEFENDANTS**

52.    Plaintiffs repeat and reallege paragraphs 1 through 51 as if fully set forth herein.

53.    Each and every claim of the '862 Patent is valid and enforceable.

54.    The '862 Patent generally describes a shim clip that is removably insertable between the cylinder and the base of a pump assembly to increase the distance between the inlet port and the rotational axis.

55.    Defendants directly infringe the '862 Patent by making, using, importing, selling, and/or offering for sale the Accused Pump.

56.    As set forth in the attached non-limiting claim chart (Exhibit M), Defendants have directly infringed at least Claims 1 and 13 of the '862 Patent by making, using, importing, selling, and/or offering for sale the Accused Pump.

57.    Defendants also engaged in egregious behavior by copying Graco's Gx Pumps to design, manufacture and sell the Accused Pump, and therefore copied the inventions therein covered by the '862 Patent.  At least by way of this Complaint, Defendants are aware of the '862 Patent, and know that they infringing the '862 Patent. Defendants' infringement of the '862 Patent is therefore willful.

58.    Graco has been damaged as a result of the infringing conduct alleged above. Defendants are liable to Graco in an amount that compensates Graco for Defendants' infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

59.    Graco has complied with 35 U.S.C. § 287 with respect to the '862 Patent

## COUNT III:
## FALSE MARKING UNDER 35 U.S.C. § 292 BY TXAM

60.     Plaintiffs repeat and reallege paragraphs 1 through 60 as if fully set forth herein.

61.     TXAM knowingly and intentionally marked upon, affixed to, or used in advertising in connection with the Accused Pumps a patent number for a patented invention that it knew does not cover the Accused Pumps.

62.     On information and belief, TXAM has offered for sale the Accused Pump marked with the '247 TXAM patent as shown below:

 



63.    Claim 1 of the '247 TXAM Patent claims (emphasis added):

1(pre).  A pump, comprising
(a) a pump housing;
(b) a turning member, turning about an axis of rotation;
(c) a reciprocating member coupled to the turning member, the reciprocating member performing a pumping motion as the turning member turns; and
(d) at least one stabilization component separated from the turning member,
(e) wherein each at least one stabilization component is directly and rotatably mounted to the pump housing via an axle connector,
(f) wherein each at least one stabilization component is configured to contact the reciprocating member to stabilize the pumping motion and;
(g) wherein the at least one stabilization component comprises *a bearing that rotates around the axle connector in a <u>perpendicular orientation</u> with respect to the axis of rotation of the turning member.*

64.    Claim 14 of the '247 TXAM Patent claims (emphasis added):

14(pre).  A method for operating a pump, comprising:
(a) turning a wheel about an axis of rotation;
(b) performing a pumping motion with a reciprocating member based on the wheel turning; and
(c) contacting the reciprocating member with at least one stabilization component separated from the wheel to stabilize the pumping motion,
(d) wherein each at least one stabilization component is directly and rotatably mounted to a pump housing via an axle connector, and
(e) wherein the at least one stabilization component comprises *a bearing that rotates around the axle connector in a <u>perpendicular orientation</u> with respect*

*to the axis of rotation of the wheel.*

65.    Claims 1(g) and 14(e) of the '247 TXAM Patent require "at least one stabilization component" wherein the each "at least one stabilization component is directly and rotatably mounted to the pump housing via an axle connector" and is shown in Figure 1 of the '247 TXAM Patent (annotated) below where the bearings' (labeled 110a, 110b), axis of rotation, in red, is pointed into the cam (labeled 102), and, therefore, is perpendicular to the cam's axis of rotation, in blue:





66.    The Accused Pumps do not practice either of the two independent claims of the '247 TXAM Patent because the Accused Pumps do not contain a "at least one stabilization component" wherein each "stabilization component comprises *a bearing that rotates around the axle connector <u>in a perpendicular orientation with respect to the axis of rotation of the turning member.</u>*" as required by claims 1(g) and 14(e) of the '247 TXAM Patent.  As shown in the annotated photograph of the Accused Pump below, the support bearings rotate *parallel* to the axis of rotation of the turning member:



67.    TXAM is aware that the claims of the '247 TXAM Patent do not cover the Accused

Pumps, despite their marking.  For example, on TXAM's website, the company claims to be "an

innovator in designing and manufacturing DC, AC, and pneumatic chemical pumps since 1986"

that "provide[s] a full line of pumps, pump systems, injection accessories and fittings as well as

installation and repair services."[12] It further represents that it will "develop new products and ideas

that have the potential to change the industry," "continue to update our product line to incorporate

the latest available technology and develop new technology when possible," and "strive for

excellence in research and product development."[13]   These representations demonstrate that

TXAM knows what it is doing and how its products operate.

68.    TXAM falsely marked the Accused Pumps with a patent number that the Accused

Pumps do not practice with the intent to deceive the public.

69.    Each false marking by TXAM is likely to discourage or deter persons and

companies from commercializing competing products or pursing research and development of

---

[12] *See* Exhibit G.

[13] *See* Exhibit K.

competing products and/or related products, which injures Graco and the public by stifling competition and increasing the costs of goods.

70. As a direct competitor to TXAM of automatic lubrication pumps in the oil and gas industry, Graco has suffered a competitive injury as a result of TXAM's violation of 35 U.S.C. § 292.

## DEMAND FOR JURY TRIAL

Graco hereby demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Graco respectfully requests that this Court enter:

a) A judgment in favor of Graco that Defendants have infringed, either literally or under the doctrine of equivalents, the '840 Patent;

b) A judgment in favor of Graco that Defendants have infringed, either literally or under the doctrine of equivalents, the '862 Patent;

c) A judgment and order requiring Defendants to pay Graco its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '840 Patent;

d) A judgment and order requiring Defendants to pay Graco its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '862 Patent;

e) A judgment and order preliminarily and permanently enjoining Defendants and all those in concert with them from further infringement of the '840 Patent and/or the '862 Patent;

f) A judgment and order finding that Defendants' infringement of the '840 Patent and/or the '862 Patent was willful and ordering Defendants to pay enhanced damages in an amount

to be determined by the Court pursuant to 35 U.S.C. § 284;

g)  A judgment in favor of Graco that TXAM falsely marked the Accused Pump in violation of 35 U.S.C. § 292;

h)  A judgment and order requiring an accounting for the past five years of all gains, profits, and advantages by TXAM's false marking of the Accused Pump;

i)  A judgment and order awarding damages adequate to compensate for the injury Graco suffered as a result of TXAM's violation of 35 U.S.C. § 292;

j)  A judgment and order finding that this case is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Graco its reasonable attorneys' fees and costs against Defendants; and

k)  Any and all other relief as the Court may deem appropriate and just under the circumstances.

Respectfully submitted by:

Dated: December 11, 2025

*/s/ Abby L. Parsons*

Abby L. Parsons
Attorney-in-Charge
Texas State Bar No. 24094303
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, Texas 77002-2755
Telephone:  (713) 576-2400
Fax:  (713) 576-2499
abby.parsons@arnoldporter.com

Brent P. Ray (admission pending)
Patrick Owens (p*ro hac vice* pending)
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Telephone:  (312) 583-2300
Fax:  (312) 583-2360
brent.ray@arnoldporter.com
patrick.owens@arnoldporter.com

Elizabeth A. Long (*pro hac vice* pending)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone:  (212) 836-8000
Fax:  (212) 836-8689
elizabeth.long@arnoldporter.com

*Attorneys for Plaintiffs Graco Inc. and*
*Graco Minnesota Inc.*